THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JEFFREY JACOBS, individually ) | Case No.: 2:09-cv-00739 DS |
| Plaintiff, ) | |
| vs. ) | |
| EXPERIAN INFORMATION ) SOLUTIONS, L.L.C.; And DOES 1-10, inclusive | MEMORANDUM DECISION |
| Defendants. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on a Motion for Judgment on the Pleadings filed by Defendant, Experian Information Solutions, L.L.C. Having carefully considered the parties' memoranda and the complete record in this matter, the court issues this memorandum decision.

**BACKGROUND**

In May 1999, the plaintiff and his former wife authorized Equity First Credit Union (Equity First) to withdraw money from the plaintiff's bank account and apply it to pay his home mortgage. After finding out that Equity First failed to make any payments and being unable to make up those payments, the plaintiff lost his home in a foreclosure. Plaintiff successfully removed foreclosure data on credit files from two other credit reporting agencies. However, after the plaintiff solicited the defendant to remove the foreclosure information from Plaintiff's

report, Defendant continued to maintain the derogatory information in his file. The complaint in this action alleges that defendant willfully and/or negligently violated provisions of the Fair Credit Reporting Act (FCRA). 15 U.S.C. § 1681 et seq.

**ANALYSIS**

Fed. R. Civ. P. Rule 12(c) provides that "after the pleadings are closed . . . a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Fed. R. Civ. P. Rule 12(c) is reviewed "under the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009) *citing Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). When faced with such a motion a court must accept as true the factual allegations set forth in the complaint and construe them in the light most favorable to the plaintiff. *Wyle v. Skiwatch Condo. Corp.*, 183 Fed. Appx. 760, 761 (10th Cir. 2006). Such a complaint must contain enough facts to state a claim for relief that is plausible on its face, otherwise, the motion for judgment will be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (1955).

Plaintiff attempts to establish a plausible claim for relief based on 15 U.S.C. 1681e(b) and 15 U.S.C. 1681i(c). The court, however, holds that the plaintiff has not stated a plausible

claim for relief under either of these two sections and therefore grants Defendant's motion for judgment on the pleadings.

## I. 15 U.S.C. 1681e(b)

In order for a claim to lie under the FCRA the claim must establish that the defendant reported inaccurate information. *Cassara v. DAC Services, Inc.*, sets forth the requirements a plaintiff must prove for a claim to succeed under 15 U.S.C. 1681e(b). The threshold question the *Cassara* court used to determine whether there was in fact a claim under 1681e(b) was whether an agency has reported inaccurate information.

Plaintiff actually agrees that the reported foreclosure is correct. In order to prevail in a private civil action under 1681e(b), Plaintiff must establish that (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury. *Cassara v. DAC Services, Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002); *See, e.g., Whelan v. Trans Union Credit Reporting Agency,* 862 F.Supp. 824, 829 (E.D.N.Y.1994). Because there is no dispute whether the reported foreclosure was accurate, Plaintiff cannot satisfy all four of the aforementioned requirements to prevail on a 1681e(b) claim. Thus, Plaintiff failed to state a plausible claim for relief under 1681e(b).

3

The record shows that Plaintiff has not at any time sought to claim that Defendant has reported inaccurate information. Although Plaintiff could be given an opportunity to amend his complaint to include this claim, it is still not likely that he would prevail on this claim because Plaintiff does not maintain that the report in question was inaccurate. Indeed, under Fed. R. Civ. P. 15(a), leave to amend may be freely granted as justice requires. However, "the district court may exercise its discretion to deny leave to amend due to . . . futility of amendment." *Carvalho v. Equifax*, 629 F.3d 876, 892 (9th Cir. 2010). The court finds amendment would be futile in this case.

## II. 15 U.S.C. 1681i(c)

Plaintiff maintains that he has stated a plausible claim for relief because Plaintiff provided Defendant with information to show that the foreclosure was fraudulent and even after learning of the fraud Defendant still failed to remove the foreclosure information from Plaintiff's credit report or provide more accurate information regarding the dispute. Despite Plaintiff's attempt to establish that a well-pleaded complaint exists, he still does not satisfy the requirements for successfully stating a claim under the FCRA. As a preliminary matter, under 15 U.S.C. 1681i Plaintiff must show that Defendant reported factually inaccurate information regarding the foreclosure to sustain a claim. Plaintiff's complaint alleges that his mortgage was

4

foreclosed upon as a result of fraud and that Experian reported the foreclosure. Thus, Plaintiff's 1681i(c) claim fails because there are no allegations that the information Experian reported was factually inaccurate.

Second, Plaintiff's 1681i(c) claim fails for the independent reason that he has not alleged that he requested a consumer statement be added to his file under 15 U.S.C 1681i(b). Section 1681i(b) provides in relevant part: "If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." Under 1681i(c) , a consumer reporting agency must include a consumer's 1681i(b) statement in subsequent reports. However, the record does not show any allegations in Plaintiff's complaint that Plaintiff ever requested a 1681i(b) statement be placed on his credit file after receiving the results of Experian's reinvestigation.  Even if Plaintiff did in fact file a consumer statement of dispute under 1681i(b), the outcome of Plaintiff's 1681i(c) claim remains unchanged because the threshold question as to whether a consumer may bring a claim under 1681i(c) is whether there is a dispute over the accuracy of the reported information.  Again, the record shows that Plaintiff does not dispute the accuracy of the reported information.  Thus, Plaintiff failed to state a plausible claim for relief under 1681i(c).

Lastly, Plaintiff's suggestion that a consumer's request for a reinvestigation of an item triggers a credit reporting agency's duties to show a dispute on file under 1681i(c) is erroneous. To the contrary, under 1681i(c) a consumer is required to show that 1) he disputed an item on his credit file, 2) the consumer reporting agency's reinvestigation did not resolve the dispute, and 3) the consumer thereafter filed a statement pursuant to 1681i(b) that was not included on subsequent reports to third parties.  There is nothing in the record showing that Plaintiff complied with the third requirement.  Instead, the record indicates that Plaintiff filed this suit after a reinvestigation did not resolve the dispute through the outlined procedures.

**CONCLUSION**

Accordingly, the court finds Plaintiff failed to establish a plausible claim upon which relief can be granted. The court grants Defendant's Motion for Judgment on the Pleadings.

SO ORDERED.

DATED this 14th day of July, 2011.

BY THE COURT:

_David Sam_

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT